# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**EARNESTINE MOTTON**                                                                           **Plaintiff**

**v.**                                                       **Civil Action No. 4:06CV5-EMB**

**THE COMMISSIONER OF**
**SOCIAL SECURITY**                                                                 **Defendant**

## MEMORANDUM OPINION

Plaintiff, Earnestine Motton, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of an unfavorable final decision of the Commissioner of the Social Security Administration (the "Commissioner"), regarding her applications for disability benefits under Title II and Supplemental Security Income ("SSI") under Title XVI. The parties have consented to entry of final judgment by the undersigned United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Having duly considered the briefs of the parties, the administrative record and the applicable law, the Court rules as follows.

## Administrative Proceedings

Plaintiff filed applications for disability benefits under Title II and SSI under Title XVI on October 14, 2003, alleging a disability onset date of August 17, 2003 (Tr. 68-71, 350-51). The applications were denied initially and on reconsideration (Tr. 23-33, 354-62).

In a hearing decision dated September 23, 2005, an administrative law judge ("ALJ") found Plaintiff was not disabled as defined in the Act (Tr. 11-20). Plaintiff filed a request for review of that decision, which the Appeals Council declined on November 9, 2005 (Tr. 4-6). The ALJ's hearing decision is now ripe for review under section 205(g) of the Act, 42 U.S.C. §

405(g).

## Facts

Plaintiff was born March 23, 1956 (Tr. 68) and was 49 years of age at the time of the hearing decision on September 23, 2005 (Tr. 20). She completed the tenth grade (Tr. 89). Plaintiff has previous work experience as a machine operator for a trailer manufacturer (Tr. 84). Plaintiff alleged that she could not work due to a right shoulder injury (Tr. 83). She was five feet and two inches tall and weighed 220 pounds (Tr. 82). After review and evaluation of the medical evidence of record, the subjective testimony at the hearing (Tr. 365-418) and the testimony of a vocational expert ("VE") (Tr. 418-26), the ALJ found Plaintiff was not disabled (Tr. 11-20). Contrary to her allegation of disability, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work that did not require lifting more than 20 pounds occasionally and ten pounds frequently with her left upper extremity and a maximum of five pounds with her right (dominant) upper extremity (Tr. 19). He also found Plaintiff could use her right upper extremity as a "helper" but had moderate to severe restrictions in pushing/pulling with the right upper extremity (Tr. 19). He also found that Plaintiff could not reach above her shoulder level but could reach in front and below a cabinet with the right upper extremity and was able to grasp and hold items with the right hand (Tr. 19). The ALJ further found that Plaintiff could stand/walk up to six hours per day, but must be able to sit for five minutes each hour (Tr. 19). Additionally, Plaintiff was restricted from crawling and climbing ropes or scaffolds, could occasionally climb steps/stairs and could occasionally kneel (Tr. 19). Finally, he found that Plaintiff was restricted from operating machines requiring hand use or high impact torque tools (Tr. 19).

## Standard of Review

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is supported by "substantial evidence" on the record as a whole and whether the proper legal standards were applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present. This Court will not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Id.*, citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

## Law

To be considered disabled and eligible for benefits, Plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 1995. The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[1] *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236

---

[1]The five-step analysis requires consideration of the following:

(5th Cir. 1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990). The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. *Id*. If he successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is

---

> First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id*. §§ 404.1520(c), 416.920(c).
>
> Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id*. §§ 404.1520(d), 416.920(d).
>
> Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id*. §§ 404.1520(e), 416.920(e).
>
> Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994)("Medical-Vocational Guidelines").

capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989). When the Commissioner shows that the claimant is capable of engaging in alternative employment, "the ultimate burden of persuasion shifts back to the claimant," *Id*.; *accord Selders*, 914 F.2d at 618.

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history," *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

## Analysis

Plaintiff identifies two issues for this appeal: 1) whether the ALJ's determination that Plaintiff's cervical pain does not significantly interfere with her lifestyle is supported by substantial evidence; and 2) whether the case should be remanded to the Commissioner for consideration of new evidence regarding Plaintiff's cervical condition.

### *Issue One*

Plaintiff argues that the ALJ's determination that her cervical pain did not interfere with her lifestyle is not supported by substantial evidence. Pl.'s Br. 2-6. Specifically, Plaintiff contends the ALJ failed to consider the fact that she could not afford the treatment her doctor recommended for her neck problems. During the administrative hearing, Plaintiff testified that her neurosurgeon recommended physical therapy for her neck problem, but that she couldn't afford it (Tr. 407).

In *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir.1987), the Fifth Circuit held that a

"medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling." The Court also held that a *disabling* medical condition that is potentially remediable with medication continues to be disabling when the plaintiff can establish both that she cannot afford the prescribed treatment and that there is no way to obtain it. *Id*.

The *Lovelace* rule does not apply in this case because the evidence fails to indicate that Plaintiff had a disabling condition. *See Harper v. Sullivan*, 887 F.2d 92, 97 (5th Cir. 1989). As indicated above, the ALJ found that Plaintiff had status post right rotator cuff repair and cervical spondylosis, which were severe (Tr. 19). On October 4, 2002, prior to her alleged onset date of disability, an MRI of Plaintiff's neck showed bony ridging at the interspaces of C4-5 and C6-7. The cervical curvature, bone signal, and cord were normal (Tr. 149). There was compromise of the right neural foramen at C-5, but no herniated nucleus pulposus was noted (Tr. 149).

On August 17, 2003, Plaintiff presented to the King's Daughters Hospital emergency room after falling with an outstretched hand and complaints of shoulder pain (Tr. 136). She was diagnosed with a sprained right shoulder (Tr. 137). An X-ray showed no fracture or dislocation (Tr. 138).

On September 11, 2003, Plaintiff presented to Delta Regional Medical Center, where she was examined by Gregg Gober, M.D. (Tr. 141). Dr. Gober noted Plaintiff had a normal gait. She had full range of motion in her neck (Tr. 141). There was no tenderness to palpation and no evidence of instability (Tr. 141). However, examination of the shoulder revealed localized tenderness to palpatation and range of motion was somewhat limited (Tr. 141). There was a positive impingement sign, but no instability noted (Tr. 141). Strength in the rotator cuff was three out of five (Tr. 141). It was noted that due to persistent symptoms and positive MRI

6

findings, Plaintiff elected to proceed with a right shoulder arthroscopy and rotator cuff repair (Tr. 141). This procedure was performed on that date (Tr. 143).

Following surgery, Plaintiff engaged in physical therapy for her right shoulder (Tr. 165). It was noted that Plaintiff's compliance with therapy was good and she had shown improvement (Tr. 165). Later, on September 29, 2003, Dr. Gober noted that Plaintiff had good pain control and had made good progress in physical therapy (Tr. 193). By February 2004, Dr. Gober noted that Plaintiff's shoulder was improving notwithstanding her report of pain in the neck area (Tr. 189). In March 2004, Dr. Gober noted continued improvement in Plaintiff's shoulder (Tr. 279). Strength was improving as well (Tr. 279).

On November 8, 2004, Dr. Gober assessed that Plaintiff had a ten percent impairment of the upper extremity and a six percent impairment to the whole person (Tr. 296). Plaintiff stated that she had "some difficulty" in using her shoulder, but that her main problem was her neck (Tr. 296). Dr. Gober noted that a neurosurgery referral for Plaintiff's neck had been declined by another institution (Tr. 296). In the alternative, he arranged a consultation with another doctor, an appointment that Plaintiff did not keep (Tr. 296).

On December 20, 2004, Plaintiff presented to Lenard J. Rutkowski, M.D. for neck and shoulder pain (Tr. 322). Manual muscle testing of all extremities was normal (Tr. 322). Dr. Rutkowski noted that Plaintiff should undergo physical therapy for her cervical condition and wear a soft collar intermittently (Tr. 322).

In addition to the medical evidence of record, the ALJ considered Plaintiff's subjective complaints, which he found to be not fully credible (Tr. 16). The ALJ pointed out that the medical evidence failed to support the severe degree of pain alleged by Plaintiff (Tr. 16). In

7

addition to the fact that Plaintiff failed to keep an appointment with a specialist for consideration of epidural steroid injections, Dr. Gober had assigned her only a 10% impairment rating to the upper right extremity (Tr. 16). The ALJ also noted Plaintiff had reported that she was able to take care of most of her personal needs, cook, shop, perform light housework and watch TV (Tr. 16). Furthermore, Plaintiff took over-the-counter medications for pain and denied adverse side effects from any medication (Tr. 16). In light of this evidence, the ALJ determined plaintiff could perform a limited range of light work (Tr. 16). And, though it was determined that Plaintiff could not perform her past relevant work, vocational expert testimony established there was other work plaintiff could perform (Tr. 17).

Based on the foregoing and a review of the record as a whole, the Court concludes the ALJ's determination that Plaintiff was not disabled is supported by substantial evidence. And, because Plaintiff did not suffer from a disabling condition, her contention that she could not afford the recommended treatment for her neck condition fails to establish a ground for reversal.

*Issue Two*

Plaintiff next contends this case should be remanded to the Commissioner for consideration of "new" and "material" evidence. Pl.'s Br. 4-5. Essentially, Plaintiff seeks to supplement the record. Beyond her general contention, however, Plaintiff only offers that she was financially unable to afford treatment for her cervical condition before. *Id.*

Under 42 U.S.C. § 405(g), which controls the scope of review, the Court may remand to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." (emphasis added). Because Plaintiff has presented no additional evidence supporting her request

8

for remand and because she was represented by counsel at the administrative level, her request for remand should be denied.

## **Conclusion**

Based on the foregoing, the Court is of the opinion that the decision of the Commissioner should be affirmed. A final judgment in accordance with this opinion will be entered.

**THIS**, the 29th day of March, 2007.

/s/ Eugene M. Bogen
U. S. Magistrate Judge